Receipt number AUSFCC-8576227

## THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 1. JOSEPH BOCCUZZI, | |
| 2. ANDREW FINNELL, | 23-363 C |
| 3. MATTHEW GOUBEAUX, | |
| 4. ANTHONY RODRIGUEZ, | |
| | |
| Plaintiffs, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## <u>COMPLAINT</u>

### INTRODUCTION

1.      This is a civil action brought by plaintiffs Joseph Boccuzzi, Andrew Finnell, Matthew Goubeaux and Anthony Rodriguez who are employees of the defendant United States of America ("Defendant"), in its Department of Justice, Drug Enforcement Administration ("DEA").   Plaintiffs are currently or were employed as GS-Telecommunications Specialists in occupational series GS-0391. Plaintiffs seek to recover from Defendant back pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Back Pay Act, 5 U.S.C. § 5596, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*., ("FLSA"), and other applicable laws.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this civil action pursuant to 5 U.S.C. § 5596, 28 U.S.C. § 1491, and 29 U.S.C. § 216(b).

## THE PARTIES

3.      Plaintiffs are employees of Defendant within the meaning of 29 U.S.C. § 203(e), and within the meaning of Title 5 of the U.S. Code, specifically, 5 U.S.C. §§ 2015, 5541.

4.      Attached to this Complaint as Exhibit A are Plaintiffs' signed individual consent forms to be included as parties to this action pursuant to 29 U.S.C. § 216(b).

5.      Defendant and its involved agency is, and at all material times has been, an executive agency within the meaning of 5 U.S.C. §§ 105, 5541, 5596, and a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) and § 203(x).

## GENERAL ALLEGATIONS

6.      Plaintiff Boccuzzi is employed by the Drug Enforcement Agency (DEA), as a GS-0391 Telecommunications Specialist and has been so employed by DEA as a GS-0391 since at least March 2020. As a GS-0391, Plaintiff participates in and supports DEA's drug investigations.

7.      Effective March 29, 2020, pay period 7, DEA promoted Plaintiff Boccuzzi from a GS-0391-9-Step 4 (hereafter GS-0391-grade/step) to a GS-0391-11/1.  However, he did not receive compensation as a GS-0391-11/1 until pay period 8, beginning April 12, 2020. Therefore, DEA denied Plaintiff Boccuzzi his compensation as a GS-0391-11/1 for one full pay period.

8.      Effective March 28, 2021, pay period 7, DEA promoted Plaintiff Boccuzzi to GS-0391-12/1. However, he did not begin receiving compensation as a GS-0391-12/1 until pay

period 9, beginning April 25, 2021. Therefore, DEA denied Plaintiff Boccuzzi his compensation as a GS-0391-12/1 for two full pay periods.

9.     In pay period 9, covering the period April 25, 2021 – May 8, 2021, 40 hours of FLSA pay were deducted from his earnings. This reflected the FLSA pay he earned in the prior two pay periods, beginning March 28, 2021, the effective date of his GS-0391-12/1 promotion.

10.     In pay period 16, Plaintiff Boccuzzi received FLSA pay totaling $3,429.65 for 14 hours of overtime worked during that pay period and an additional 171 hours worked between pp 7 -15, March 27, 2021 – July 31, 2021.  Of the $3,429.65 he received in FLSA pay, $3,170.11 represented FLSA back pay for   the period March 27, 2021 – July 31, 2021 as a GS-0391-12/1.

11.     Effective March 27, 2022, pay period 8, DEA promoted Plaintiff Boccuzzi from a GS-0391-12/2 to a GS-0391-13/1. However, he did not begin receiving compensation as a GS-0391-13/1 until pay period 9, beginning April 10, 2022.  Therefore, DEA denied his compensation as a GS-0391-13/1 for one full pay period.

12.     Also, effective with Plaintiff Boccuzzi's promotion to a GS-0391-13/1 on March 27, 2022, DEA classified him as exempt from the overtime pay provisions of the FLSA.  From that date until the present, DEA wrongfully denied Plaintiff Boccuzzi the FLSA pay to which he is entitled.

13.     Plaintiff Finnell is employed by Defendant as a GS-0391 Telecommunications Specialist and has been so employed by DEA as a GS-0391 since July 2020. As a GS-0391, Plaintiff participates in and supports DEA's drug investigations.

14.     Effective July 17, 2022, pay period 15, DEA promoted Plaintiff Finnell from a GS-0391-11/2 to a GS-0391-12/1.  However, he did not begin receiving compensation as a GS-

0391-12/1 until pay period 16, beginning July 31, 2022. Therefore, DEA denied Plaintiff Finnell

his compensation as a GS-0391-12/1 for one full pay period.

15.      Also, effective with Plaintiff Finnell's promotion to a GS-0391-12/1 on July 17,

2022, DEA classified him as exempt from the overtime pay provisions of the FLSA.  From that

date to the present, DEA wrongfully denied Plaintiff Finnell the FLSA pay to which he is

entitled.

16.      Plaintiff Goubeaux is employed by Defendant as a GS-0391 Telecommunications

Specialist and has been so employed by DEA as a GS-0391 since March 2021. As a GS-0391,

Plaintiff participates in and supports DEA's drug investigations.

17.      DEA classified Plaintiff Goubeaux as exempt from the overtime pay provisions of

the FLSA when he was hired in March 2021 as a GS-0391-13/1.  From March 2021 to the

present, DEA wrongfully denied Plaintiff Goubeaux the FLSA pay to which he is entitled.

18.      Plaintiff Rodriguez is employed by the Drug Enforcement Agency (DEA), as a

GS-0391 Telecommunications Specialist and has been so employed by DEA as a GS-0391 since

at least March 2020. As a GS-0391, Plaintiff participates in and supports DEA's drug

investigations.

19.      Effective May 8, 2022, pay period 10, DEA promoted Plaintiff Rodriguez from a

GS-0391-12/3 to a GS-0391-13/1.  Effective with his promotion, DEA classified Plaintiff

Rodriguez as exempt from the overtime pay provisions of the FLSA. From that date to the

present, DEA wrongfully denied Plaintiff Rodriguez the FLSA pay to which he is entitled.

20.      Defendant and its officers and agencies are responsible under the United States

Constitution, federal law, and regulations for the establishment and administration of personnel,

employment, and compensation policies and practices and for applying to Plaintiffs the

provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

21.    Defendant and its officers and agency, DEA, failed to pay Plaintiffs Boccuzzi and Finnell on the effective date of their promotions thereby denying them the compensation at the GS-0391 grades and steps they were due. This failure constituted a reduction and denial of pay and differentials otherwise due Plaintiffs Boccuzzi and Finnell under the Back Pay Act, 5 U.S.C. § 5596.

22.    Under the FLSA and OPM regulations, employees are presumed to be FLSA non-exempt, and Defendant carries the burden of demonstrating by clear and convincing evidence that Plaintiffs are FLSA exempt.

23.    Effective March 27, 2022, Defendant considered and treated Plaintiff Boccuzzi as FLSA exempt and has not accorded him the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

24.    Effective July 17, 2022, Defendant considered and treated Plaintiff Finnell as FLSA exempt and has not accorded him the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

25.    Effective March 14, 2021, Defendant considered and treated Plaintiff Goubeaux as FLSA exempt and has not accorded him the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

26.    Effective May 8, 2022, Defendant considered and treated Plaintiff Rodriguez as FLSA exempt and has not accorded him the rights and benefits to which FLSA non-exempt employees of Defendant are entitled.

27.     If Plaintiffs were properly classified as non-exempt from the FLSA, they would have received overtime pay at the rate of time and one-half their FLSA regular rate for all hours worked in excess of 40 hours per week.

28.     Defendant and its officers and agency, DEA, wrongfully and willfully violated the provisions of the FLSA by failing and refusing to provide Plaintiffs the pay and benefits due them under the FLSA.

29.     DEA has repeatedly violated the FLSA in the past by misclassifying its employees as FLSA exempt.

## COUNT ONE

### (Failure to Timely Pay Plaintiffs Boccuzzi and Finnell on the Effective Date of Their Promotions)

30.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1-29 above.

31.     Defendant failed to pay Plaintiffs Boccuzzi and Finnell the pay and benefits due them on the effective date of their promotions to a higher grade.

32.     Thus, at all times material herein, Defendant committed an unjustified and unwarranted personnel action which resulted in a reduction in pay and benefits to Plaintiffs Boccuzzi and Finnell.

## COUNT TWO

### (Failure to Properly Compensate Plaintiffs for Overtime Work Under the FLSA)

33.     Plaintiffs incorporate by reference herein the allegations contained in paragraphs 1 through 32 above.

34.     Defendant wrongfully and willfully denied all Plaintiffs coverage under FLSA and wrongfully and willfully withheld overtime compensation due him by failing and refusing to pay them in accordance with FLSA for hours worked in excess of 40 hours per week.

35.     Thus, at all times material herein, Defendant violated, and continues to violate the overtime pay provisions of section 7(a) of the FLSA by failing to pay Plaintiffs at the FLSA time and one-half rate for each overtime hour worked by them.

## COUNT THREE

**(Request for Back Pay, Liquidated Damages, Interest, Attorneys' Fees and Costs)**

36.     Plaintiffs incorporate by reference herein the allegations contained in Paragraph 1 through 35 above.

37.     As a result of the wrongful and willful violations of law by Defendant and its officers and agents as alleged in the claims specified above, there is due and owing to Plaintiffs various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

38.     Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendant and its officers and agents and Plaintiffs are unable to state at this time the exact amount of pay, benefits, and liquidated damages which are due and owing to them. Defendant and its officers and agents are under a duty imposed by  5 C.F.R. § 293,  § 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability to Plaintiffs may be determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

a)      Order Defendant, subject to rules and regulations to be established by this Court which conform with the Back Pay Act and the FLSA, to conduct a full, complete and accurate accounting of all wages, including overtime wages, premium and other pay, interest, and liquidated damages due and owing to Plaintiffs as is sought herein; and,

b)      Award Plaintiffs Boccuzzi and Finnell the back pay and interest they are due as a result of Defendant failing to pay them on the effective dates of their promotions to a higher grade and step; and,

c)      Award all Plaintiffs such FLSA overtime back pay, premium pay, liquidated damages, and interest under the Back Pay Act from the date of the denial of such pay and entitlements until a date not more than 30 days before the date on which the judgment herein is paid, and costs, as are due and owing to them by Defendant under applicable federal laws and regulations; and,

d)      Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendant under FLSA, the Back Pay Act, 5 U.S.C. § 5596, and the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(B); and,

e)      Issue a call upon Defendant pursuant to 28 U.S.C. § 2507, requiring the production of information or papers of Defendant establishing Defendant's liability herein; and,

f)      Grant to Plaintiffs such other relief as the Court deems just and proper.

Respectfully submitted,

OF COUNSEL:

Jules Bernstein
BERNSTEIN & LIPSETT, P.C.
1629 K Street, N.W., Suite 1050
Washington, D.C. 20006
(202) 296-1798
(202) 496-0555 facsimile
chouse@bernsteinlipsett.com

**/s/Linda Lipsett**
Linda Lipsett (Counsel of Record)
BERNSTEIN & LIPSETT, P.C.
1629 K Street, N.W., Suite 1050
Washington, D.C. 20006
(202) 296-1798
(202) 496-0555 facsimile
chouse@bernsteinlipsett.com

Daniel M. Rosenthal
Alice Hwang
JAMES & HOFFMAN, P.C.
1629 K Street, N.W., Suite 1050
Washington, D.C. 20006
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com
achwang@jamhoff.com

*Attorneys for Plaintiff*

Dated: March 14, 2023

# EXHIBIT A

EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER FAIR LABOR STANDARDS ACT
AND OTHER FEDERAL LAWS
PLEASE TYPE OR PRINT CLEARLY

      I hereby consent to be a plaintiff and claimant in litigation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and other federal laws, to recover back pay, liquidated damages and other relief from the United States. If this case does not proceed, I consent to join any other civil action to assert the foregoing and other related claims.

Name (Please Print): _____JOSEPH Bocuzzi_____

Signature: _____Josh Bocy_____

Date: _____10 FEB 23_____

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT**
**AND OTHER FEDERAL LAWS**
**PLEASE TYPE OR PRINT CLEARLY**

I hereby consent to be a plaintiff and claimant in litigation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and other federal laws, to recover back pay, liquidated damages and other relief from the United States. If this case does not proceed, I consent to join any other civil action to assert the foregoing and other related claims.

Name (Please Print):  Andrew Finnell

Signature:  *[signature]*

Date:  02/09/2023

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT
AND OTHER FEDERAL LAWS
PLEASE TYPE OR PRINT CLEARLY**

I hereby consent to be a plaintiff and claimant in litigation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and other federal laws, to recover back pay, liquidated damages and other relief from the United States. If this case does not proceed, I consent to join any other civil action to assert the foregoing and other related claims.

Name (Please Print): _MATTHEW T GOUBEAUX_

Signature: _Matthew T Goubeaux_

Date: _MARCH 9, 2023_

**EMPLOYEE CONSENT TO BE A CLAIMANT IN LITIGATION UNDER THE FAIR LABOR STANDARDS ACT**
**AND OTHER FEDERAL LAWS**
**PLEASE TYPE OR PRINT CLEARLY**


I hereby consent to be a plaintiff and claimant in litigation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and other federal laws, to recover back pay, liquidated damages and other relief from the United States. If this case does not proceed, I consent to join any other civil action to assert the foregoing and other related claims.

Name (Please Print):  *Anthony A. Rodriguez*

Signature:  *[signature]*

Date:  *2·27·23*